# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TEAM HEALTH HOLDINGS, INC.,**
**ET AL.**                                                          **MISC. CASE**

**VERSUS**                                                          **NO. 25-45-JWD-SDJ**

**LOUISIANA MUNICIPAL RISK**
**MANAGEMENT AGENCY, ET AL.**

## <u>ORDER</u>

On May 16, 2025, Team Health Holdings, Inc., AmeriTeam Services, LLC, and HCFS Health Care Financial Services, LLC (collectively "Movants" or "TeamHealth"), initiated this miscellaneous case by filing a Motion to Compel seeking compliance with a Rule 45 subpoena served on Louisiana Municipal Risk Management Agency ("LMRMA") and Risk Management, Inc. ("RMI"). For the following reasons, the Court issues the instant Order transferring the Motion to Compel to the U.S. District Court for the Eastern District of Tennessee pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

In the underlying action, the City of Plaquemine, Louisiana, asserts claims against TeamHealth, alleging an overbilling scheme related to the provision of medical services to municipal employees. The City of Plaquemine seeks certification of a class action, damages, and injunctive relief, among other forms of relief. *See City of Plaquemine v. Team Health Holdings, Inc.*, No. 23-cv-111-DCLC-DCP (E.D. Tenn.).[1]

In the instant motion, Movants represent that on August 14, 2024, they served subpoenas on LMRMA and RMI seeking documents relevant to the consolidated action. (R. Doc. 1-2 at 3; Subpoenas, R. Doc. 1-3 at 2, 21). LMRMA and RMI failed to respond within the required 14 days.

---

[1] Member case consolidated with *Buncombe County, North Carolina v. Team Health Holdings*, No. 22-cv-420-DCLC-DCP (E.D. Tenn.).

(R. Doc. 1-2 at 3). After two separate 30-day extensions, and indeed on the business day after the latest agreed-upon deadline, LMRMA and RMI served objections and responses to the subpoenas on February 10, 2025. (R. Doc. 1-2 at 3). Movants assert that these objections are untimely, and Movants subsequently filed the instant Motion to Compel. (R. Doc. 1-2 at 3).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. Movants properly filed the instant Motion to Compel in this judicial district, given that the subpoena required LMRMA and RMI to comply in this district. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). Nevertheless, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, Movants have explicitly requested a transfer to the Eastern District of Tennessee; they have sought consent of LMRMA and RMI but have not received a response. (R. Doc. 1-2 at 4).

The Advisory Committee Notes provide the following with respect to whether transfer is merited in the absence of consent:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 323 (D.D.C. 2016) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

Having considered the record in the underlying action, the Court finds exceptional circumstances merit transfer of Movant's Motion to Compel to the Eastern District of Tennessee. In that district, the instant case has been consolidated with *Buncombe County* for the purposes of class discovery. *Buncombe County*, No. 22-420, ECF No. 63. Judge Corker, the district judge overseeing the consolidated cases in Tennessee, has presided over several cases involving similar claims against TeamHealth. *See, e.g., Celtic Insurance Co. v. Team Health*, No. 20-cv-523-DCLC-HBG (E.D. Tenn.); *UnitedHeathCare Services, Inc. v. Team Health*, No. 21-cv-364-DCLC-DCP (E.D. Tenn.). These include cases brought by the subjects of the instant subpoenas: *Louisiana Municipal Risk Management Agency v. Team Health*, No. 22-cv-104-DCLC-JEM (E.D. Tenn.) and *Risk Management Inc. v. Team Health*, No. 22-cv-456-DCLC-DCP (E.D. Tenn.). Considering the history and complexity of these cases, the consolidation of the underlying cases and their phased class discovery structure, and LMRMA's and RMI's demonstrated ability to litigate in the Eastern District of Tennessee, the Court concludes that these exceptional circumstances warrant the transfer of the instant Motion to Compel "to avoid disrupting the issuing court's . . . management of the underlying litigation," which outweighs any interest LMRMA and RMI have in resolving this Motion to Compel in this district. Therefore,

**IT IS ORDERED** that the Clerk's Office shall transfer the instant Motion to Compel to the Eastern District of Tennessee for resolution in the underlying consolidated actions, *Buncombe County & City of Plaquemine v. Team Health Holdings*, Nos. 22-cv-420-DCLC-DCP; 23-cv-111-DCLC-DCP (E.D. Tenn.).

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this matter.

Signed in Baton Rouge, Louisiana, on July 28, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**